[Cite as *Bardo v. Ohio Dept. of Transp., Dist. 8*, 2011-Ohio-2132.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD WOODROW BARDO

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

Case No. 2010-11471-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Richard Woodrow Bardo, filed this action against defendant, Department of Transportation (ODOT), contending his 2006 Toyota Camry was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 74 in Hamilton County. Specifically, plaintiff related the suspension on his car was damaged when the vehicle traveled over "an extremely large bump across the (middle and left) lanes" of Interstate 74 West at approximately milepost 16.8. Plaintiff recalled his described damage incident occurred on October 21, 2010 at approximately 11:00 p.m. Plaintiff advised "my Toyota only has 89,000 miles on it" and was informed by repair personnel that the damage to his vehicle does not normally occur from age or high mileage. In his complaint, plaintiff requested damage recovery of $461.31, the total cost of automotive repair and related expenses. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of the particular damage-causing condition prior to plaintiff's October 21, 2010 described occurrence. Defendant located the particular

"pothole or bump" near milepost 16.80 on Interstate 74 in Hamilton County and advised that "ODOT did not receive any reports of the pothole or have knowledge of the pothole prior to the (October 21, 2010) incident." Defendant denied receiving any other complaints regarding roadway defects at the particular location despite the fact the particular section of Interstate 74 has an average daily traffic count of over 58,000 vehicles.

{¶ 3} Defendant denied ODOT negligently maintained Interstate 74 in Hamilton County. Defendant noted the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently, no "bumps" or other defects were discovered at milepost 16.80 on Interstate 74 West the last time that section of roadway was inspected prior to October 21, 2010. The claim file is devoid of any copy of ODOT Hamilton County inspection records. Defendant asserted the particular location of Interstate 74 is a well patrolled location and suggested the pothole plaintiff's vehicle struck "existed for only a short time before the incident."

{¶ 4} Defendant submitted "Maintenance Records" for Interstate 74 covering the dates from April 21, 2010 to October 21, 2010. According to the information supplied, no roadway defects in the vicinity of milepost 16.80 were repaired during the time frame covered. Defendant's evidence shows ODOT crews patched potholes on Interstate 74 from milepost 13.00 to 16.00 on September 24, 2010.

{¶ 5} Plaintiff filed a response noting his car was damaged when the vehicle struck "a large crease (bump) across the highways." Plaintiff did not produce any evidence to establish the length of time the particular defective condition at milepost 16.80 existed prior to 11:00 p.m. on October 21, 2010.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the defect. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the defect must be presented.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defect appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular condition was present. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of a dangerous condition. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD WOODROW BARDO

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

Defendant

Case No. 2010-11471-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard Woodrow Bardo
5733 Lofty View Lane
Cincinnati, Ohio  45247

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/25
Filed 2/16/11
Sent to S.C. reporter 4/29/11